```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
McKINLEY MILLER III,

                Plaintiff,
                                            MEMORANDUM & ORDER
       -against-                            09-CV-2819 (JS)(WDW)

NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE; HEMPSTEAD
POLICE DEPARTMENT; MERYL BERKOWITZ,
COUNTY COURT JUDGE; DANIEL CONTI,
ATTORNEY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    McKinley Miller III, Pro Se
                  cc# 09003139
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, NY 11554

For Defendants:   No Appearance
```

SEYBERT, District Judge:

McKinley Miller III ("McKinley" or "Plaintiff"), pro se and incarcerated, filed the instant action against the Nassau County District Attorney's Office, Hempstead Police Department, County Court Judge Meryl Berkowitz, (also identified as his court appointed attorney), and attorney Daniel Conti (collectively "Defendants") alleging unidentified claims relating to Plaintiff's 1998 arrest and 1999 indictment. Accompanying Plaintiff's Complaint is an application to proceed in forma pauperis. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1)(2006), and for the reasons discussed below, DISMISSES Plaintiff's Complaint.

BACKGROUND

While difficult to discern, Plaintiff appears to allege that in September 1998, he was arrested and subsequently indicted in court. Plaintiff alleges that his court appointed attorney, Meryl Berkowitz, "misconducted herself in these proceedings by telling the arresting officers that 'they messed up because I was in there testifying about the dates and they had 30 days to go to court to make the changes and they didn't[.]'" (Compl. § III, 2.) Plaintiff appears to allege that there were two indictments for the same charge. Plaintiff also contests that his indictment was transferred to Superior Court without his consent. Plaintiff seeks "50 million dollars ($5,000,000.00) [sic] for violation of my civil rights and unlawful incarceration due to a fraudulent indictment from each defendant and, [v]acate the illegal, fraudulent felony drug conviction off my record[.]" (Compl. § III, 3.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. <u>28 U.S.C. § 1915 Application</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." <u>Id.</u> at § 1915(e)(2)(B). An action is frivolous when: (1) the claim is "based on an indisputably meritless legal theory," or (2) the "factual contentions are clearly baseless[,]" <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1927, 1833, 104 L. Ed. 2d 338 (1989), "such as when allegations are the product of delusion or fantasy." <u>Nance v. Kelly</u>, 912 F.2d 605, 606 (2d Cir. 1990).

III. <u>Federal Rule of Civil Procedure 8</u>

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1951). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it <u>sua sponte</u>. See <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually

3

reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's Complaint falls far short of giving fair notice of his claim as required by Rule 8. The series of statements and allegations in the Complaint appear to relate to his court appointed attorney "telling the arresting officers that they 'messed up because I was in there testifying about the dates and they had 30 days to go to [c]ourt to make the changes and they didn't[.]'" (Compl. § III, 2.) Plaintiff also appears to allege that there were two indictments for the same charge. The Complaint contains no allegations against Daniel Conti, lists Meryl Berkowitz as a judge (Compl. § I, 1), then later as a "court appointed attorney" (Compl. § III, 2), and fails to identify the law(s) allegedly violated. Defendants cannot be expected to parse Plaintiff's Complaint into comprehensible legal claims, or even understand factually the nature of Plaintiff's allegations. See In re Roy, No. 08-CV-0388, 2008 U.S. Dist. LEXIS 11730, at *2 (E.D.N.Y. Feb. 15, 2008) (dismissing sua sponte for failure to conform with Rule 8); Crisci-Balestra v. Civil Serv. Emps. Ass'n, No. 07-CV-1684, 2008 U.S. Dist. LEXIS 10870, at *18 (E.D.N.Y. Feb. 13, 2008) ("When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it sua sponte.")

4

(citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

While the pleadings of a pro se litigant should be liberally construed in her favor, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because Plaintiff fails to allege facts to support a claim against the Defendants, the present Complaint fails to satisfy Rule 8 and cannot be sustained in its present form. However, in light of Plaintiff's pro se status, the Court GRANTS Plaintiff until October 30, 2009 to file an Amended Complaint that corrects the deficiencies noted herein and complies with Federal Rule of Civil Procedure 8.

## CONCLUSION

Based on the foregoing and the Complaint in this action, it is hereby

ORDERED, that Plaintiff's request to proceed in forma pauperis is GRANTED; and it is further

ORDERED, that the superintendent of the facility in which the Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's already submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct

those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated and to Plaintiff; and it is further

ORDERED, that Plaintiff's Complaint is dismissed without prejudice and with leave to amend by October 30, 2009; and it is further

ORDERED, that should Plaintiff file an Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order; and it is further

ORDERED, that if Plaintiff fails to submit an Amended Complaint by October 30, 2009, the Complaint will be dismissed with prejudice, and the case will be closed.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:	September 9, 2009
	Central Islip New York