```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
McKINLEY MILLER III,

                Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           09-CV-2819 (JS)(WDW)

NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE; HEMPSTEAD
POLICE DEPARTMENT; MERYL BERKOWITZ,
COUNTY COURT JUDGE; DANIEL CONTI,
ATTORNEY,

                Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:      McKinley Miller III, Pro Se
                    cc# 09003139
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently before the Court is the Amended Complaint of McKinley Miller III ("Plaintiff"), pro se, in forma pauperis and incarcerated, against the Nassau County District Attorney's Office, Hempstead Police Department, County Court Judge Meryl Berkowitz, (also identified as his court appointed attorney), and attorney Daniel Conti (collectively "Defendants") alleging unidentified claims relating to Plaintiff's 1998 arrest and 1999 indictment. For the reasons discussed below, Plaintiff's Amended Complaint is dismissed with prejudice as against the Nassau County District Attorney's Office and Hempstead Police Department, and Plaintiff is granted one more opportunity to amend his remaining claims.

BACKGROUND

While difficult to discern, in his Amended Complaint, Plaintiff appears to allege that in September 1998, he was arrested and subsequently indicted in court. Plaintiff alleges that his court appointed attorney, Meryl Berkowitz, "misconducted herself" in the grand jury proceedings. (Compl. § III.) Plaintiff appears to allege that there were two indictments for the same charge. Plaintiff seeks "50 million dollars ($5,000,000.00) [sic] for violation of my civil rights and unlawful incarceration due to a fraudulent indictment from each defendant and, vacate the illegal, fraudulent felony drug conviction off my record." (Compl. § III.)

DISCUSSION

I. 28 U.S.C. § 1915 Application

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when: (1) the claim is "based on an indisputably meritless legal theory," or (2) the "factual contentions are clearly baseless[,]" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1927, 1833, 104 L. Ed. 2d 338 (1989), "such as when allegations are the product of delusion or fantasy." Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990).

II. Rule 8 of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Since Plaintiff is incarcerated and seeks relief against government officials, 28 U.S.C. § 1915A also requires that the Court dismiss the Complaint sua sponte if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally, particularly allegations of civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards, all complaints must contain at least some minimum level of factual

support. Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

    A.    <u>Section 1983</u>

Plaintiff does not specify the nature of his lawsuit. Liberally construing Plaintiff's claim as one pursuant to 42 U.S.C. § 1983, that section provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law;

4

and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); Giordano v. City of New York, 274 F.3d 740, 750 (2d Cir. 2001).

Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

1. Claims Against the Hempstead Police Department

A local police department, such as the Hempstead Police Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aquilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Plaintiff's claims against the

Hempstead Police Department are thus more appropriately raised against Nassau County. Accordingly, Plaintiff's claims against the Hempstead Police Department are DISMISSED with prejudice.

> 2. <u>Claims Against the Nassau County District Attorney's Office</u>

Plaintiff names the Nassau County District Attorney's Office as a Defendant. Because the District Attorney's Office is not an entity capable of being sued, the Court DISMISSES with prejudice the Complaint against the District Attorney's Office. <u>Conte v. County of Nassau</u>, No. 06-CV-4746, 2008 WL 905879 *1 n.2 (E.D.N.Y., March 31, 2008) (dismissing a 1983 claim against the Nassau District Attorneys Office because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"). Plaintiff's allegations against the District Attorney's Office are more properly brought as claims against Nassau County.

> 3. <u>Claims Against Nassau County</u>

As noted above, when bringing a Section 1983 claim against a municipality, a plaintiff must plead an official policy or custom that caused the plaintiff's constitutional rights to be violated. Here, Plaintiff fails to allege any facts to show a municipal policy or custom deprived Plaintiff of a constitutional right. Accordingly, even if the Court interprets Plaintiff's claims as against Nassau County, those claims must be DISMISSED

without prejudice.

4. <u>Claims Against Daniel Conti</u>

As best as the Court can parse, Plaintiff's claims against Daniel Conti arise out of alleged misconduct during the course of Conti's legal representation of Plaintiff at trial. Federal courts do not have subject matter jurisdiction over legal malpractice cases. <u>Fine v. City of New York</u>, 529 F.2d 70 (2d Cir. 1975) ("Whatever cause of action he might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter.") To the extent that Conti was a court appointed attorney, such claims fail for the reasons set forth below.

5. <u>Claims Against Judge or Attorney Berkowitz</u>

Plaintiff identifies Meryl Berkowitz as both a County Court judge and as Plaintiff's court-appointed attorney for grand jury proceedings. (Am. Compl. unnumbered page 3.) Under either interpretation, Plaintiff's claim fails.

Under the doctrine of absolute judicial immunity, judges are subject to suit only for: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, [that are] taken in the complete absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (internal

citations omitted); see <u>Stump v. Sparkman</u>, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "'be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" <u>Mireles</u>, 502 U.S. at 11, 12 (<u>quoting</u> <u>Stump</u>, 435 U.S. at 356). As such, Plaintiff does not allege a colorable claim here.

Interpreting the Amended Complaint to allege claims against Berkowitz as a court-appointed attorney, such claims also fail. It is well established that court-appointed attorneys do not act under color of state law merely by virtue of their appointment. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (county public defender does not act under color of state law when performing traditional advocacy functions); accord <u>Tapp v. Champagne</u>, 164 Fed. Appx. 106 (2d Cir. 2006) (public defenders are not state actors for purposes of § 1983); <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65 (2d Cir. 1997) (court appointed attorneys are not liable under § 1983), <u>Daniel v. Safir</u>, 135 F. Supp. 2d 367, 374 (E.D.N.Y. 2001) (legal aid society and its attorneys do not act under color of state law when performing lawyers' traditional functions). As such, Plaintiff does not allege a colorable claim against Berkowitz under any interpretation.

III. <u>Leave to Amend</u>

When addressing a <u>pro</u> <u>se</u> complaint, a district court

should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, "'[f]utility' is a valid reason for denying a motion to amend . . . where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

Plaintiff has already amended his Complaint once. Even with the most liberal reading of the Amended Complaint, the Court finds that the Amended Complaint is completely devoid of any viable cause of action against the Nassau District Attorney, and the Hempstead Police Department, and any amendment would therefore be futile. Accordingly, the Court declines to grant leave to amend against these Defendants and the Clerk of Court is ordered to terminate these parties.

The Court grants Plaintiff until January 22, 2010 to amend his claims against Nassau County, Meryl Berkowitz, and Daniel Conti, if able, in accordance with this Order. Failure to amend will result in dismissal of the Amended Complaint as against those Defendants with prejudice.

Plaintiff is directed that his second amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The second amended complaint must be captioned as an "Second Amended Complaint" and bear the same docket number as this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for purposes of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

<u>CONCLUSION</u>

Based on the foregoing and the Amended Complaint in this action, it is hereby

ORDERED, that Plaintiff's Amended Complaint is dismissed with prejudice as to the Nassau District Attorney's Office, and the Hempstead Police Department. The Clerk of Court is directed to terminate these parties; it is further

ORDERED, that Plaintiff's Amended Complaint is dismissed without prejudice as to Nassau County, Meryl Berkowitz, and Daniel Conti and with leave to amend, if able, by January 22, 2010; and it is further

ORDERED, that should Plaintiff file a second Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each Defendant, and the relief he is seeking with respect thereto. The second Amended Complaint must be captioned as an "Second Amended Complaint" and bear the same docket number as this Order; and it is further

ORDERED, that if Plaintiff fails to submit a Second Amended Complaint by January 22, 2010, this Amended Complaint will be dismissed with prejudice, and the case will be closed.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: December 28, 2009
Central Islip New York